UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | CAUSE NO. 3:08-CR-00018(01)RM |
| | ) | |
| TYRONE VAUGHN | ) | |

OPINION AND ORDER

This matter is before the court on the defendants Tryone Vaughn's motion for judgment of acquittal (document # 52). On February 13, 2008, a grand jury indicted Mr. Vaughn on one count of possession with intent to distribute five grams or more of a controlled substance (Count 1); one count of distributing marijuana (Count 2); one count of possessing a firearm in furtherance of a drug trafficking crime (Count 3); and one court of unlawful possession of a firearm (Count 4). A jury trial was held on September 15; at the conclusion of the government's case-in-chief, counsel for Mr. Vaughn orally moved for a judgment of acquittal on Count 3 pursuant to Federal Rule of Criminal Procedure 29.

Counsel for Mr. Vaughn argued that the evidence was insufficient to prove beyond a reasonable doubt that Mr. Vaughn had possessed a firearm "in furtherance of" the drug trafficking crime charged in Count 2. The jury instructions defined "in furtherance of" to mean that "the defendant possessed a firearm for the purpose of assisting in, promoting, accomplishing, advancing, or helping forward the drug trafficking crime." The instructions further provided that "the mere fact that a firearm is present at the scene of a drug crime is not enough

to show possession in furtherance of a drug crime; there must be a showing of some connection between the firearm and the drug selling operation." The court denied Mr. Vaughn's oral motion, reasoning that when viewed in light most favorable to the government, the evidence presented by the government was sufficient for a reasonable juror to conclude that Mr. Vaughn had possessed the firearm for the purpose of assisting in, promoting, accomplishing, advancing, or helping forward the drug trafficking crime. See United States v. Duran, 407 F.3d 828, 840 (7th Cir. 2005) ("The 'in furtherance of' element requires that the weapon further, advance, move forward, promote or facilitate the drug-trafficking crime."). The following day, the jury deliberated and returned a guilty verdict on all four counts.

Shortly after the verdict was rendered, Mr. Vaughn filed a written motion renewing his motion for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29(c). A defendant seeking a judgment of acquittal following a jury verdict faces an "uphill battle to prevail on this claim given the high standard of review." United States v. Farris, 532 F.3d 615, 618 (7th Cir. 2008). That standard is whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Farris, 532 F.3d at 618 (quoting United States v. Curtis, 324 F.3d 501, 505 (7th Cir. 2003)). A verdict should be overturned based on insufficient evidence "only if the record

is devoid of evidence from which a reasonable jury could find guilt beyond a reasonable doubt." Id.

Mr. Vaughn's renewed motion for judgment of acquittal merely states that "[a]s a matter of law the evidence failed to prove beyond a reasonable doubt that the defendant possessed a firearm in furtherance of the drug trafficking crime (distribution of marijuana) charged in Count 2 of the indictment." For the same reasons stated in open court, the court finds that when viewed in light most favorable to the government, there was sufficient evidence from which a reasonable jury could find that Mr. Vaughn possessed the firearm in furtherance of the drug trafficking crime charged in Count 2.

Consequently, the court DENIES Mr. Vaughn's renewed motion for acquittal [document # 52].

SO ORDERED.

Entered:  December 2, 2008

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court

cc: counsel of record